**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOHN CHARLES GAUTHIER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 05-CV-0423-CVE-SAJ |
| ) | |
| HASKELL HIGGINS, JR., Warden; ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF OKLAHOMA. ) | |
| ) | |
| Respondents. ) | |

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Respondent filed a response to the petition (Dkt. # 10), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. # 11). Petitioner filed a reply (Dkt. # 14) and provided supplemental information (Dkt. ## 15, 16). For the reasons discussed below, the Court finds the petition should be denied.

As a preliminary matter, the Court notes that in response to the petition, see Dkt. # 10, Respondent Higgins asserts that the Attorney General of the State of Oklahoma is not a proper party. The Court agrees and finds that the Attorney General shall be dismissed as a party Respondent.

### *BACKGROUND*

On July 21, 2003, Petitioner, represented by attorney Scott Troy, entered a plea of guilty in Creek County District Court, Case No. CF-2002-356, to two (2) counts of Uttering a Forged Instrument, After Former Conviction of Two or More Felonies. See Dkt. # 10, Ex. 1. The state district court found Petitioner guilty and sentenced him to sixteen (16) years on each count, with all except the first eleven (11) years suspended, to be served concurrent with each other and concurrent

with a sentence entered in Tulsa County District Court. See Dkt. # 11, Ex. 1 at 89. Petitioner did not move to withdraw his plea. No direct or *certiorari* appeal was filed.

Eleven months later, on June 22, 2004, Petitioner filed a *pro se* "Application for Appeal Out of Time" in the trial court, asserting he was prevented from filing his appeal "through no fault of his own." See Dkt. # 11, Ex. 1.[1] The trial court denied the requested relief by order filed on July 2, 2004 (id. at 97), and Petitioner appealed to the Oklahoma Court of Criminal Appeals ("OCCA"). By order filed October 6, 2004, the OCCA remanded the matter to the district court "for further proceedings to determine if Petitioner has shown that his counsel provided ineffective assistance resulting in the loss of appeal." See Dkt. # 11, Ex. 2 at 31. The OCCA also noted that, unless Petitioner could establish that he was denied the opportunity to appeal through no fault of his own, all of the eleven other issues raised were procedurally barred as they could have been raised on appeal. Id. at 29.[2]

On April 11, 2005, the district court entered its order upon remand, finding "no substantial facts that support the Defendant's contention that he was denied the right to appeal through no fault of his own." See Dkt. # 11, Ex. 3 at 278. Petitioner appealed to the OCCA, and on June 29, 2005,

---

[1] On the same day, Petitioner filed a "Brief in Support of Appeal Out of Time and/or Post Conviction Relief" with an application for post-conviction relief attached. See Dkt. # 11, Ex. 1. The application for post-conviction relief lists eleven grounds for relief. Id. The OCCA referred to the proceedings initiated on June 22, 2004 as post-conviction proceedings. See Dkt. # 11, Ex. 7.

[2] The eleven issues raised by Petitioner in his post-conviction proceedings were: (1) Prejudice, bias, conflict of interest, vindictive prosecution; (2) Recusal, Judge April Sellers White; (3) Speedy trial rights violated - Title 22 Section 12.1; (4) I was charged with the wrong statute; (5) Ex Parte Communications (among lawyer, judge, district attorney); (6) Thirteenth Amendment; (7) Illegal enhancement(s) and illegal fines; (8) Eighth Amendment violations; (9) Ineffective assistance of counsel; (10) Denial of credit for time served since 8-28-02 by the Department of Corrections; and (11) Equal protection, the right to be sentenced equally. See Dkt. # 11, Ex. 1 at 16-42.

2

the appellate court filed its order affirming the district court's order finding that Petitioner failed to establish a right to appeal out of time (Dkt. # 11, Ex. 7). In affirming the district court's order, the OCCA specifically found that, "Petitioner has not presented any proof that he ever formed a timely desire to appeal his convictions in this matter, or that he was ever denied his opportunity to appeal through no fault of his own." See id. at 5. The OCCA agreed with the district court that Petitioner's claim was without evidentiary support. Id.

Petitioner filed his federal habeas corpus petition on July 26, 2005 (Dkt. # 1), asserting five (5) grounds for relief:

> Ground 1: My plea was unlawfully induced.
>
> Ground 2: My confession was obtained by the victim, thus, violating both my U.S.C.A. 5th and 14th Amendment rights.
>
> Ground 3: My lawyer was ineffective, because he conspired with Creek County actors to obtain my plea.
>
> Ground 4: I am innocent of cashing either one of the two (2) checks that I was convicted of.
>
> Ground 5: I was denied a direct appeal due to my attorney's failure to perfect my appeal like he told me he would.

In response to the petition, Respondent argues that the OCCA properly denied Petitioner's ground five claim, and the remaining claims are procedurally barred. (Dkt. # 10). Petitioner replies with additional arguments regarding the merits of his claims. (Dkt. # 14).

*ANALYSIS*

**A.    Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b), (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner

fairly presented the substance of his claims to the state courts in post-conviction proceedings. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B. Procedural bar (grounds 1-4)**

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "in the vast majority of cases." Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)).

As indicated above, Petitioner presented his claims described in grounds 1- 4 to the state courts as part of eleven claims presented in an application for post-conviction relief. The state district court denied relief because Petitioner had not demonstrated sufficient cause to allow filing an appeal "almost exactly eleven months after the plea was entered." See Dkt. # 11, Ex. 1 at 97. On post-conviction appeal, the OCCA applied a procedural bar in affirming the denial of post-conviction relief on these claims (Dkt. # 11, Ex. 2 at 31). Citing provisions of Oklahoma's Post-Conviction Procedure Act, found at Okla. Stat. tit. 22, § 1086 (1986), the OCCA found:

4

> [A]ll eleven of the grounds for relief asserted within Petitioner's Application could have been raised on direct appeal. For this reason, the claims contained within his Grounds One through Eleven are waived and procedurally barred from being asserted through post-conviction proceedings, unless Petitioner can establish that, through no fault of his own, he was denied his opportunity to raise those claims through certiorari appeal proceedings.

See Dkt. # 11, Ex. 2 at 29. Respondent contends that this Court should uphold the procedural bar imposed by the state courts. The Court agrees with Respondent that Petitioner's claims asserted in grounds 1- 4 are procedurally barred. The OCCA's procedural bar was an "independent" state ground because Petitioner's failure to comply with state procedures "was the exclusive basis for the state court's holding." Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). The Court also finds that the bar imposed by the OCCA on Petitioner's claim was based on state law grounds adequate to preclude federal review. See Cannon v. Gibson, 259 F.3d 1253, 1269 (10th Cir. 2001).

As a result of the procedural bar, this Court may not consider Petitioner's claims unless Petitioner is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. See Murray, 477 U.S. at 495-96; McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Petitioner assesses the blame for his procedural default on his trial attorney. He claims his attorney abandoned him and did not follow through with his promise to appeal after Petitioner entered his guilty pleas. His argument is set forth as a separate claim of ineffective assistance of counsel in ground five. As explained in subsection C below, the Court finds that Petitioner's ground five claim is without merit and his trial counsel was not ineffective for failing to file an appeal or an application to withdraw Petitioner's guilty pleas. As a result, the Court finds that Petitioner has failed to establish cause for his procedural default through his unsupported claim that his attorney abandoned him or did not appeal as promised. Petitioner also claims that the State failed to provide him with access to a law library or a person trained in the law during the ten day period allowed to perfect an appeal. Petitioner, however, provides no evidence that he sought access to a law library or requested assistance during the ten day period. The Court does not find this belated attempt to excuse his procedural bar to be credible.

Petitioner's only other means of gaining federal habeas review of his defaulted claims is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Snaffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Id. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable

doubt." Id. at 329. Petitioner does assert that he is actually innocent of the crimes to which he plead guilty. However, he has presented no new evidence in support of this assertion. As a result, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result, the Court concludes that it is procedurally barred from considering the merits of Petitioner's claims in grounds 1-4. Coleman, 501 U.S. at 724. Habeas corpus relief shall be denied on those claims.

**C.    Ineffective assistance of trial counsel (ground 5)**

As his fifth proposition of error, Petitioner challenges both the state district court's ruling and the OCCA's finding that his failure to file a timely appeal was not caused by the ineffective assistance of counsel. He asserts that his trial counsel abandoned him after the plea hearing and "failed to do his job." See Dkt. # 1. Petitioner does not produce any support for his assertions. He merely claims that he was denied his constitutional right to appeal. The OCCA found that Petitioner's counsel was not constitutionally ineffective, primarily basing its decision on a thorough assessment of the facts in the record as set forth in the district court's order.

> The thrust of Judge Golden's order on remand was that there was no credibility to Petitioner's claim that ineffective assistance caused the loss of his right of appeal. Judge Golden reached this conclusion by observing that Petitioner, before his post-conviction action, never mentioned a desire for appeal, nor his lawyer's failure to appeal, within any of those various complaints or inquiries made by Petitioner about his case or about his incarceration in the Creek County Jail. Judge Golden found that it was not until the commencement of this post-conviction action on June 22, 2004, that Petitioner ever alleged being denied a right of appeal in this matter. (Supp. O.R. 275-76.) Judge Golden noted that Petitioner raised this issue only in the form of broad general allegations, "with no facts in support of these allegations [to be] found." (Supp. O.R. 274.) Judge Golden observed that Petitioner's allegation that his attorney advised Petitioner that he would visit Petitioner in jail, and that they would thereafter withdraw the pleas, is in conflict with those portions of the record showing that, at the time of his pleas, Petitioner elected not to remain

7

> any longer in the county jail and wanted to be transported immediately to the Department of Corrections. (Supp. O.R. 275.) Judge Golden found that Petitioner's allegations if true would mean that Petitioner perjured himself at his plea and sentencing. (Supp. O.R. 275.) Judge Golden also noted that it was not until this Court identified the key issue as being whether counsel provided ineffective assistance concerning Petitioner's right of appeal did Petitioner's "pleadings become more creative." (Supp. O.R. 276).
>
> It is apparent that because of these cited circumstances, Judge Golden found Petitioner's allegations unworthy of belief. Judge Golden therefore concluded that Petitioner's contention that he was denied his right to appeal was without "substantive proof" (Supp. O.R. 277), that "there are no substantial facts that support the Defendant's contention," and that petitioner "has failed to produce any evidence in support of his claims" (Supp. O.R. 278).
>
> In this appeal of Judge Golden's order, Petitioner simply repeats his story about how his guilty pleas were involuntary and how his trial counsel deprived him of his opportunity for appeal. Repeating those same allegations he made below does not demonstrate how the District Court erred in finding those allegations unworthy of belief. Because the record supports the District Court finding that petitioner's allegations were unsubstantiated, this Court **FINDS** the District Court's order on remand should be affirmed.

Dkt. # 11, Ex. 7 at 3-5. The OCCA went on to conclude that Petitioner "has not presented any proof that he ever formed a timely desire to appeal his convictions in this matter, or that he was ever denied his opportunity to appeal through no fault of his own." Id. at 5.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a state court has adjudicated a claim on the merits, a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). In this case, the state district court and the OCCA adjudicated the merits

8

of Petitioner's ground five ineffective assistance of trial counsel claim in post-conviction proceedings. Therefore, that claim shall be reviewed pursuant to § 2254(d).

To establish ineffective assistance of counsel a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). In a challenge to a guilty plea, the second half of the Strickland standard "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.

9

The Court finds that in this case Petitioner has failed to satisfy the deficient performance prong of the Strickland standard. He has not demonstrated that his attorney's performance fell below the level of a reasonably competent attorney. In reaching its decision to affirm the state district court's denial of relief, the OCCA cited Roe v. Flores-Ortega, 528 U.S. 470 (2000). According to the Supreme Court in Roe, "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480 (2000). Further, a "highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea." Id. The Tenth Circuit Court of Appeals has determined that where a defendant is convicted on a plea of guilty and does not indicate to his attorney an intention to appeal, "[a]n attorney has no absolute duty in every case to advise a defendant of his limited right to appeal after a guilty plea. Failure to notify the defendant of this limited right is not in itself ineffective assistance." Laycock v. New Mexico, 880 F.2d 1184, 1187-88 (10th Cir. 1989) (citations omitted). Counsel has a duty to inform the defendant of the limited right to appeal from a guilty plea only "if the defendant inquires about an appeal right," or "[i]f a claim of error is made on constitutional grounds, which could result in setting aside the plea." Id. at 1188; see also Hardiman v. Reynolds, 971 F.2d 500, 506 (10th Cir. 1992) (stating that counsel has a duty to inform the defendant of his appeal rights based on error of constitutional magnitude if "counsel either knows or should have learned of his client's claim or of the relevant facts giving rise to the that claim").

Although Petitioner indicates his attorney abandoned him, he does not specifically state that he asked his attorney to file a motion to withdraw plea or an appeal for him. In fact, Petitioner

10

circled "No" to the question on the plea form which asked if he wanted to remain in the county jail for a period of ten (10) days before being taken to the place of confinement (Dkt. # 11, Ex. 2 at 10). The record also reflects that Petitioner was fully and correctly advised of his rights to appeal. See id. Petitioner cites no law in support of his claim that his attorney abandoned him in violation of his right to the effective assistance of counsel. The record is void of any evidence indicating that Petitioner intended to appeal his guilty plea until he filed an application for post-conviction relief approximately eleven (11) months after entry of his plea and judgment and sentence. Petitioner presents nothing to indicate that his attorney had any reason to know of an error of constitutional magnitude or that Petitioner desired to withdraw his plea. The Court finds that under the facts of this case, Petitioner's attorney had no duty to confer with him concerning his appeal rights during the 10-day period following his sentencing. As a result, Petitioner has failed to satisfy the deficient performance prong of the Strickland standard and he is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d).

The Court further finds that Petitioner has failed to rebut the presumption of correctness afforded the factual findings made by the OCCA. The habeas corpus statute provides that "a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Rather than contest specific factual findings of the OCCA, Petitioner merely reiterates the claims he made in his post-conviction proceedings. In his reply to Respondent's response, Petitioner claims that his attorney "conned" him and "flat out lied" when he advised Petitioner that he would move to withdraw the guilty plea and appeal to the OCCA. See Dkt. # 14

at 6. However, as noted by the OCCA, the record contradicts Petitioner's claim that he believed his attorney was going to file an appeal of his guilty pleas.

Respondent provided a copy of the "Plea of Guilty - Summary of Facts" filed in the district court in Petitioner's case (Dkt. # 11, Ex. 2 at 1-11). On the first page of the form, Petitioner affirmed that he could read and understand the form. Id. at ¶ 4. He identified Scott Troy as his lawyer. Id. at ¶ 15. Petitioner also affirmed that he understood the nature and consequences of the proceeding, had talked over the charges with his lawyer, had advised his lawyer regarding any available defenses, and had his lawyer's advice. Id. at ¶¶ 8 and 16. Further, he answered "Yes" to the question, "Do you believe your lawyer has effectively assisted you in this case and are you satisfied with his/her advice?" Id. at ¶ 17. Petitioner understood the terms and conditions of his plea agreement and gave an accurate, succinct description of the factual basis of the crimes to which he was pleading guilty. Id. at ¶¶ 19, 24. He indicated that he did not have any additional statements to the court. Id. at ¶ 28. Petitioner swore under oath that his answers were true and correct, and that he understood he could be prosecuted for perjury if he had made false statements to the court. Id.

In addition to the form, the transcript for Petitioner's plea and sentencing hearing confirms the factual conclusions reached by the state courts. See Dkt. # 10, Ex. 1. This Court is required to accord the factual findings made by the OCCA a presumption of correctness. To rebut the presumption of correctness, Petitioner must present clear and convincing evidence. Petitioner has only provided unsupported conclusory assertions in his petition that his attorney was ineffective for failing to file a timely appeal of Petitioner's guilty pleas. The Court cannot accept these averments in light of the contradictory plea hearing transcript and Petitioner's own sworn statements in the

"Plea of Guilty- Summary of Facts." As a result, the Court finds that Petitioner has not presented clear and convincing evidence that the OCCA's factual determination was unreasonable or incorrect.

In summary, the record demonstrates that, despite being informed by the trial court of his right to appeal and the procedures to follow to perfect an appeal, Petitioner failed to file an application to withdraw his plea or to perfect a *certiorari* appeal following his conviction on his guilty plea. Petitioner presents nothing to indicate that his attorney had any reason to know of an error of constitutional magnitude or that Petitioner desired to withdraw his plea. Petitioner is not entitled to habeas corpus relief on his ineffective assistance of counsel claim.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Attorney General of the State of Oklahoma is not a proper party and is **dismissed** as a party Respondent.
2. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.
3. A separate judgment shall be entered in this matter.

**DATED** this 8th day of September, 2008.

*Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT